# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3452

_____

Leonardo Cabera De Leon,     *
    *
      Petitioner,     *
    *    Petition for Review of
   v.     *    an Order of the Board
    *    of Immigration Appeals.
Alberto Gonzales, United States     *
Attorney General,     *     [UNPUBLISHED]
    *
      Respondent.     *

_____

Submitted: June 13, 2006
Filed: June 16, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Leonardo Cabera De Leon (petitioner), a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA), affirming the decision of the immigration judge (IJ), who denied his requests for asylum and withholding of removal.

Because the BIA summarily affirmed without an opinion, we review the IJ's decision as the final agency decision, applying the substantial-evidence standard of review. See Mamana v. Gonzales, 436 F.3d 966, 968 (8th Cir. 2006). We treat the IJ's credibility findings as conclusive unless contrary to what a reasonable adjudicator

would have been compelled to find, and we will reverse only if petitioner has shown, based on the evidence, that no reasonable adjudicator could have reached the same decision.  See id.

Upon review, we hold that the evidence reasonably supports the IJ's adverse credibility determination.  We further agree with the IJ that the evidence fails to show past persecution or a likelihood of future persecution on account of political opinion, much less a likelihood of future persecution throughout Guatemala on account of political opinion.  See Mohamed v. Ashcroft, 396 F.3d 999, 1002-06 (8th Cir. 2005) (denying petition for review where evidence suggested that attacks on petitioner's home were part of generalized looting and banditry, and not on account of her membership in her social clan, and where petitioner failed to proffer evidence that she would be persecuted on account of her clan membership throughout her homeland). The petition for review is denied.  See 8th Cir. R. 47B.

_____